UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRAPHIC ARTS INDUSTRY JOINT PENSION TRUST; JOSEPH M. O'CONNOR, TRUSTEE; and DONALD J. TREIS, TRUSTEE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HATCHER PRESS, INC.<br><br>　　　　Defendant. | Civil Action No. 1:10-CV-1028 (ABJ) (AK) |

## MEMORANDUM OPINION

### I.  BACKGROUND

Pending before the Court is a Motion for Default Judgment [9] by Plaintiff, Graphic Arts Industry Joint Pension Trust ("Graphic Arts") for delinquent contributions and employer withdrawal liability under the Employee Retirement Investment Securities Act ("ERISA").  On May 2, 2011, the Clerk of Court made an Entry of Default as to Defendant Hatcher Press, Inc. ("Hatcher") [7].  Plaintiff filed a Motion for Entry of Default Judgment on May 16, 2011.  The Motion was referred to a United States Magistrate Judge for determination pursuant to LCvR 72.2(a) [10].  An evidentiary hearing was held on October 7, 2011, at which Defendant did not appear.

## II.  DISCUSSION

### A.  Standard for Default Judgment

The clerk of court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Where the plaintiff's claim is not for a sum certain, the party must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b).  "The determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense.  *J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *U.S. v. Bentley*, 756 F. Supp. 2d 1, 3 (D.D.C. 2010).  The court must then make a determination of the sum to be awarded.  *Id.*  "The court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Id.*  Defendant offered no evidence prior to or at the evidentiary hearing disputing the requested sum.

### B. Analysis

#### a.  Delinquent Contributions

Graphic Arts is a pension trust that runs a multi-employer pension plan under ERISA. Hatcher is a commercial printing company that entered into a collective bargaining agreement

with Teamsters Local 853. The collective bargaining agreement required Hatcher to make monthly contributions to Graphic Arts of 7% of each employee's wages. (Pl.'s Ex. 1 at 15.) In January 2009, Hatcher stopped paying contributions on its employees' wages. In September 2009, Hatcher went out of business. (Pl.'s Ex. 2.) At that time, Graphic Press hired an independent auditor to determine the amount of delinquent contributions. The auditor found that in addition to the unpaid contributions between January and September 2009, Hatcher paid one employee above scale during 2008, but contributed to Graphic Arts as if the employee's wages were at scale, resulting in a deficiency. (*Id.*) The deficiency in 2008 was $853.08 and the unpaid contributions for January through September 2009 were $15,229.24, for a delinquent contributions total of $16,082.32. (*Id.*)

Graphic Arts is allowed to collect interest on the unpaid contributions as well as "liquidated damages provided for under the plan in an amount not in excess of 20 percent." ERISA Section 502(g), 29 U.S.C. § 1132(g). Graphic Arts' Trust Agreement gives its trustees discretion to establish reasonable liquidated damages. (Pl.'s Ex. 4 at VII-2.) Although not a signatory to the Trust Agreement, Hatcher is bound by the Trust Agreement's terms because Hatcher expects the Fund to pay benefits to its employees. *See Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Company, Inc.*, 932 F.2d 1443, 1451 (11th Cir. 1991) (an employer cannot "avail itself of the benefits of [a fund] without also being subject to the rules that govern [it]"). The trustees have created a Delinquency Policy that obligates the employer to pay liquidated damages of 5% for the first month and increasing 5% each month to reach a maximum of 20%, the applicable rate in this case. (Pl.'s Ex. 5 at ¶ 3.) The Policy also provides for interest at the actuarial assumed rate of return of 8% annually. (*Id.* at ¶ 4.)

Graphic Arts requests and is granted delinquent contributions of $16,082.32 owed for the period between January 2008 and September 2009, along with $3,216.46 in liquidated damages and $2,770.80 in interest.

### b. Employer Withdrawal Liability

Withdrawal liability requires an employer who withdraws from a multiemployer pension plan to contribute its proportionate share of the plan's unfunded vested liabilities. 29 U.S.C. § 1381. The purpose of withdrawal liability is to protect the remaining employers in a pension plan from having to cover for a withdrawn employer or risk not being able to pay the full amount of benefits promised to employees. *See Milwaukee Brewery Workers' Pension Plan v. Joseph Schlitz Brewing Co.*, 513 U.S. 414, 416-17 (1995). A company that "permanently ceases all covered operations under the plan" completely withdraws from the plan. ERISA Section 4201(b)(2), 29 U.S.C. § 1383(a)(2).

Hatcher ceased business operations in September 2009, creating a complete withdrawal. (Pl.'s Post-Hearing Brief at 3.) Graphic Arts computed withdrawal liability under ERISA Section 4211(c)(5), 29 U.S.C. § 1391(c). It followed the statutorily mandated procedures for notifying Hatcher of its liability and affording it an opportunity to review and pay the amount owed. ERISA Section 4219, 29 U.S.C. § 1399; Pl.'s Post-Hearing Brief at 4-5. When Hatcher made no payment or response of any sort, Graphic Arts brought this default judgment action. The Court grants withdrawal liability in the requested amount of $1,216,587.00.

As with delinquent contributions, withdrawal liability is subject to interest and liquidated damages. ERISA Section 4301(b), 29 U.S.C. § 1451(b); ERISA Section 502(g), 29 U.S.C. § 1132(g). Again, the Delinquency Policy assesses 8% annual interest and 20% liquidated

4

damages.  (Pl.'s Ex. 5 at ¶¶ 3-4.)  As such, Graphic Arts requests $1,536.00 in interest and $243,317.40 in liquidated damages, which the Court grants.

### d.  Attorney Fees and Costs

ERISA 502(g), 29 U.S.C. § 1132(g) allows a fund bringing a default judgment claim against an employer to receive attorney fees and costs.  Graphic Arts requests $5,835.90 in attorney fees and $938.98 in costs.  The Court grants these requests.

### III.  CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's Motion for Judgment by Default [9] and awards damages totaling $1,490,284.86.

A separate Order of judgment will accompany this Opinion.


Date:  October 28, 2011                     _____/s/_____
                                            ALAN KAY
                                            UNITED STATES MAGISTRATE JUDGE